**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CLAUDIA MEJIA,<br><br>*Plaintiff,*<br><br>v.<br><br>SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, et. al.,<br><br>*Defendants.* | CIVIL ACTION<br>NO. 26-2541 |

**Pappert, J.** **September 3, 2026**

**MEMORANDUM**

An Amtrak train struck and killed Hector Mejia-Gomez at a train station in Philadelphia. Claudia Mejia, the administratix of his estate, sued the Southeastern Pennsylvania Transportation Authority and Amtrak alleging negligence and gross negligence under Pennsylvania law. SEPTA moves for judgment on the pleadings arguing it is immune under the Pennsylvania Sovereign Immunity Act. Mejia responds that the Act's real estate exception applies. But the train, not a defect or dangerous condition in real estate, caused Mejia-Gomez's death, and the exception does not apply. Accordingly, the Court grant's SEPTA's motion but allows Mejia leave to amend.

I

SEPTA manages train stations in Philadelphia, including the Tacony Regional Rail Station. (Compl. ¶¶ 3–4, Dkt. No. 1-3.) Amtrak operates high-speed trains that pass through the station without stopping. (*Id.* ¶¶ 41, 42.) On October 9, 2025, Hector Mejia-Gomez was waiting for a train, standing "in an area that appeared to be a permissible and safe waiting location." (*Id.* ¶¶ 11, 50.) An Amtrak train passed

through the station, striking and killing Mejia-Gomez. (*Id.* ¶¶ 51, 53.) Mejia alleges SEPTA and Amtrak were negligent and grossly negligent in their failure to operate Tacony Station in a safe manner. (*Id.* ¶ 69–71.)

II

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). A court evaluating a Rule 12(c) motion must follow the "same standards" that govern a motion to dismiss under Rule 12(b)(6). *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019). Under Rule 12(c), judgment on the pleadings will be granted if "viewing all the facts in the light most favorable to the nonmoving party, no material issue of fact remains and the moving party is entitled to judgment as a matter of law." *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 257 (3d Cir. 2012).

A plaintiff can survive a Rule 12(c) motion if her complaint contains "sufficient factual matter to show that the claim is facially plausible, thus enabling the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged." *Bibbs v. Trans Union LLC*, 43 F.4th 331, 339 (3d Cir. 2022) (citation omitted). But if the plaintiff "has not articulated enough facts to 'raise a right to relief above the speculative level'" the motion will be granted. *Bangura v. City of Philadelphia*, 338 F. App'x 261, 264 (3d Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)).

III

The Pennsylvania Sovereign Immunity Act grants the Commonwealth and its agencies immunity from tort liability. 42 Pa. Stat. and Cons. Stat. Ann. § 8521 (West).

SEPTA is a Commonwealth party under the Act. *Toombs v. Manning*, 835 F.2d 435, 457 (3d Cir. 1987). But the Act carves out nine exceptions to immunity. 42 Pa. Stat. and Cons. Stat. Ann. § 8522(b) (West). Mejia invokes the real estate exception. *Id.* § 8522(b)(4). As are all exceptions, it is narrowly interpreted. *Jones v. SEPTA*, 772 A.2d 435, 440 (Pa. 2001).

Under the real estate exception, a Commonwealth agency may be liable for injury caused by "a dangerous condition of Commonwealth agency real estate." 42 Pa. Stat. and Cons. Stat. Ann. § 8522(b)(4) (West). This exception applies only if some defect or dangerous condition in the property itself directly caused the injury. *Mailey v. SEPTA*, 104 F. App'x 224, 227 (3d Cir. 2004); *Jones*, 772 A.2d at 443–44.

A

SEPTA first argues that the real estate exception does not apply because it does not own or control the real estate in question. (Def. SEPTA Mem. Supp. Mot. J. Pleadings at 10, Dkt No. 14.) The real estate exception requires the Commonwealth agency have "title, ownership, physical possession or actual control over the real property in question." *Rooney v. City of Philadelphia*, 623 F. Supp. 2d 644, 658 (E.D. Pa. 2009) (quoting *CSX Transp., Inc. v. Franty Const.*, 630 A.2d 932, 935 (Pa. Commw. Ct. 1993)).

Mejia alleges SEPTA "owns, operates, maintains, and/or manages" the Tacony Station, and that SEPTA holds the station open to the public, and exercises possession and control over station operations. (Compl. ¶¶ 3, 4.) SEPTA does not dispute its possession and control over Tacony Station. (SEPTA Answer ¶ 4, Dkt. No. 8.) Amtrak is alleged to own and control the Northwest Corridor right-of-way and track

infrastructure. (Compl. ¶ 5.) Though the demarcation line between the two is unclear, the end result is the same. Mejia alleges the layout of Tacony Station, managed by SEPTA, played a role in the fatal injury of Mejia-Gomez. (*Id.* ¶ 69, 70.) Taking those allegations as true at this stage, Mejia has sufficiently alleged that SEPTA has control over the real estate in question.

B

SEPTA next argues, correctly, that the real estate exception cannot apply because the condition of the real estate was not the alleged cause of the fatal injury. (Def. SEPTA Mem. Supp. Mot. J. Pleadings at 12.)

Mejia first alleges a series of failures by SEPTA that created a dangerous condition including a failure to staff the station, the absence of warning signs, barriers or guardrails, and the lack of a safe setback demarcation. (Compl. ¶¶ 24–32, 69–70.) But the real estate exception requires that a dangerous condition "must derive, originate from or have as its source the Commonwealth realty." *Wise v. Huntingdon Cnty. Hous. Dev. Corp.*, 249 A.3d 506, 517 (Pa. 2021) (citation omitted). The dangerous condition must "be an artificial condition or defect of the land itself, as opposed to the absence of such a condition." *Id.* (citing *Snyder v. Harmon*, 562 A.2d 307, 311 (Pa. 1989)). Allegations of the absence of safety features fall outside the real estate exception.

Mejia also alleges that the configuration of station platforms itself constituted a dangerous condition of real estate property. (Compl. ¶¶ 69–70.) But the real estate exception "applies only where it is alleged that the artificial condition or defect of the land *itself* causes the injury, not merely when it facilitates the injury." *Allstate Vehicle*

*& Prop. Ins. Co. v. Philadelphia Hous. Auth.*, 394 F. Supp. 3d 535, 541 (E.D. Pa. 2019) (citations omitted). The real estate exception is not triggered if the real estate in question only permits the plaintiff to ingress to the location where he ultimately sustains his injuries, but does not actually cause the injury. *Mailey*, 104 F. App'x at 227. At most, Mejia has alleged that the configuration of the platforms facilitated Mejia-Gomez's fatality, which was caused by the train.

Finally, Mejia argues that the "presence of unstable wooden planks" and "defective/unstable walking and waiting surfaces" were a dangerous condition causing death and injury to Mejia-Gomez. (Compl. ¶¶ 69–70.) Yet Mejia only alleges the wooden platforms created "a substantial risk" of trips or falls. (Compl. ¶ 22.) There is no allegation Mejia-Gomez tripped or fell on any unstable or defective wooden platform. The real estate exception requires the "defect or dangerous condition in the property itself" directly cause the injury. *Mailey*, 104 F. App'x at 227.

IV

Courts should freely give leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a)(2); *see also Accurso v. Infra-Red Servs.*, 23 F. Supp. 3d 494, 501 (E.D. Pa. 2014) (explaining that Rule 15(a)(2) applies to Rule 12(c) motions). This rule expresses "a preference for liberally granting leave to amend" unless "amendment would cause undue delay or prejudice, or that amendment would be futile." *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Merck & Co. Sec., Derivative & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007) (citations omitted).

Where amendment would not be futile or inequitable, a district court must inform the plaintiff she has a right to amend within a set period of time. *Jenkins v. SEPTA*, 801 F. App'x 71, 72 (3d Cir. 2020) (holding the lower court should have granted the plaintiff leave to amend while granting defendant's Rule 12(c) motion). The Court cannot conclude that it is inconceivable for Mejia to allege sufficient facts to support causation, so she will be allowed a final opportunity to do so.

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***

Gerald J. Pappert, J.