**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CLAUDIA MEJIA,<br><br>*Plaintiff,*<br><br>v.<br><br>SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, et. al.,<br><br>*Defendants.* | CIVIL ACTION<br>NO. 26-2541 |

**Pappert, J.** **October 21, 2026**

**MEMORANDUM**

Claudia Mejia sued the Southeastern Pennsylvania Transportation Authority and Amtrak alleging negligence and gross negligence under Pennsylvania law after Hector Mejia-Gomez was struck and killed by an Amtrak train. SEPTA moved for judgment on the pleadings arguing it was immune under the Pennsylvania Sovereign Immunity Act. (Dkt. No. 14.) The Court granted the motion because Mejia's Complaint failed to allege facts which could establish that the real estate exception to immunity applied. (Dkt. No. 41.) Mejia filed an Amended Complaint and SEPTA now moves to dismiss the claims against it. (Dkt. Nos. 45, 46.) The Court denies the motion because Mejia's Amended Complaint sufficiently alleges that a dangerous condition in real estate caused Mejia-Gomez's death.

I

To avoid dismissal under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads facts from which the Court can infer

"that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although this "plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Assessing plausibility under *Twombly* and *Iqbal* is a three-step process. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Step one is to "take note of the elements the plaintiff must plead to state a claim." *Id.* (alterations omitted) (quoting *Iqbal*, 556 U.S. at 675). Next, the Court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, for all "well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). If the well-pleaded facts do not nudge the "claims across the line from conceivable to plausible," the Court must dismiss the complaint. *Twombly*, 550 U.S. at 570. In gauging the plausibility of a claim, the Court must accept as true all well-pleaded factual allegations, construe those facts in the light most favorable to the plaintiff and draw reasonable inferences from them. *Connelly*, 809 F.3d at 786 n.2.

## II

SEPTA is a Commonwealth agency under the Pennsylvania Sovereign Immunity Act, which grants it immunity from tort liability. 42 Pa. Stat. and Cons. Stat. Ann. § 8521 (West); *Toombs v. Manning*, 835 F.2d 435, 457 (3d Cir. 1987). But the Act carves out nine exceptions to immunity, all of which are interpreted narrowly. 42 Pa. Stat. and Cons. Stat. Ann. § 8522(b) (West); *Jones v. SEPTA*, 772 A.2d 435, 440 (Pa. 2001).

Mejia invokes the real estate exception, under which a Commonwealth agency may be liable for injury caused by "a dangerous condition of Commonwealth agency real estate." 42 Pa. Stat. and Cons. Stat. Ann. § 8522(b)(4) (West). This exception applies only if some defect or dangerous condition in the property itself directly caused the injury. *Mailey v. SEPTA*, 104 F. App'x 224, 227 (3d Cir. 2004); *Jones*, 772 A.2d at 443–44.

SEPTA argues that Mejia's Amended Complaint fails to establish that "an actual defect of the land itself has caused injury." (SEPTA Mot. to Dismiss at 16, Dkt. No. 46-1.) But Mejia now alleges, albeit "in the alternative," that the "deteriorated, uneven, and unstable condition of the wooden plank surfaces caused Decedent . . . to lose his footing, misstep, [or] stumble." (Am. Compl. ¶ 36.) Mejia's initial Complaint did not allege that Mejia-Gomez tripped or fell on any unstable or defective wooden platform. (Mem. at 5, Dkt. No. 41; Pl.'s Resp in Opp. at 11, Dkt. No. 49.) The Amended Complaint nudges the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

SEPTA argues the Court should rely on a video recording of the train striking Mejia-Gomez to determine if he actually slipped or tripped. (SEPTA Reply in Supp. at 5, Dkt. No. 51.) Generally, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). But, where a document is "integral to or explicitly relied upon in the complaint," it "may be considered without converting the motion to dismiss into one for summary judgment" under Rule 56. *Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (quoting *Burlington*, 114 F.3d at 1426).

Mejia agrees that her allegations "rest on the recording." (Pl.'s Resp. in Opp. at 6, Dkt. No. 49.) Her Amended Complaint refers to "[v]ideo recordings" that "depict Decedent traversing those wooden plank surfaces." (Am. Compl. ¶ 35, Dkt. No. 45.) Because the video recording, which SEPTA attached to its motion to dismiss, is "integral to" and "explicitly relied upon in the complaint," the Court may consider it. "But consideration only goes so far. When the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022); *Kwanzaa v. Tell*, No. 21-1939, 2022 WL 16756334, at *3 (3d Cir. 2022) (finding error in relying on an attachment to the complaint over allegations in the complaint). For now, "the facts in the complaint must prevail," and the proper place to resolve factual disputes is not at this stage, but at summary judgment. *Princeton Univ.*, 30 F.4th at 342.

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***

Gerald J. Pappert, J.